IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Hillman,                          :
                                          :
                    Appellant             :
                                          :
            v.                            :  No. 1648 C.D. 2024
                                          :  Submitted: May 12, 2026
City of Philadelphia, Pennsylvania        :
Public Utility Commission, and            :
Peco Energy Exelon                        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 18, 2026

        Michael Hillman (Appellant), acting *pro se*, appeals from an order entered on September 6, 2024, in the Court of Common Pleas of Philadelphia County (trial court).  The order dismissed Appellant's claims with prejudice and barred further duplicative litigation against the Pennsylvania Public Utility Commission (PUC) and Peco Energy Exelon (PECO) under Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 233.1.[1]  For the reasons that follow, we vacate the trial court's order and transfer this matter to our appellate jurisdiction.

---

[1] Pa.R.Civ.P. 233.1 provides in pertinent part:

        (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

**(Footnote continued on next page…)**

## Background

Appellant has been engaged in a longstanding dispute with PECO concerning alleged "foreign load" issues and improper termination or billing practices associated with his rental residence beginning in 2019. Over the years, Appellant pursued multiple administrative complaints before the PUC, as well as separate civil and federal actions, all of which resulted in dismissal or adverse rulings.

The PUC dismissed Appellant's first formal complaint in December 2020, after a full evidentiary hearing and entered a final order affirming that decision in January 2021. Appellant did not appeal to this Court, and the PUC's order became final. He then filed additional civil complaints in the trial court and later in federal court, both of which were dismissed with prejudice. In 2023, Appellant filed a second formal complaint with the PUC, which again proceeded to a hearing and

> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

Pa.R.Civ.P. 233.1(a)-(d).

resulted in dismissal of most claims and a modest civil penalty against PECO.[2] The PUC entered a final order in February 2024, which Appellant again did not appeal to the Commonwealth Court.

Instead of pursuing the statutorily prescribed appeals process, Appellant filed an "appeal" of the PUC's February 2024 final order in the trial court. Over the course of several months, he also filed various motions in that court, including a demand for a jury trial and requests related to service. Those motions were denied.

PECO ultimately moved to dismiss Appellant's improper appeal. The trial court granted the motion and dismissed the matter with prejudice on September 6, 2024, invoking Pa.R.Civ.P. 233.1. The trial court reasoned that Appellant, as a *pro se* litigant, had repeatedly pursued substantially identical claims against PECO and the PUC in multiple prior proceedings, all of which had resulted in final adjudications. The trial court concluded that Appellant's filings had become duplicative, frivolous, and abusive and that Rule 233.1 authorized dismissal and the imposition of a bar on further litigation.

In its Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a) opinion, the trial court further explained that Appellant's due process, equal protection, evidentiary and utility shut-off claims lacked merit, that he had been afforded ample opportunity to litigate his disputes, and that Rule 233.1 is constitutionally sound. The trial court maintained that dismissal of this case was fully merited under the circumstances. Appellant then filed a timely notice of appeal to this Court.

---

[2] The penalty was "for providing [Appellant] with unreasonable service." Trial Court Pa.R.A.P. 1925(a) Opinion at 4, Original Record (O.R.) at Item No. 0020.

**Discussion**

On appeal,[3] Appellant raises 18 issues for this Court's review. In essence, Appellant challenges both the PUC's underlying decision as well as the trial court's dismissal of his action pursuant to Rule 233.1. Before we can address these issues, however, we must address the threshold issue of whether the trial court possessed jurisdiction to review Appellant's notice of appeal and, in turn, whether it had authority to dismiss the matter pursuant to Rule 233.1.

This appeal stems from Appellant's effort to challenge a PUC adjudication. The legislature has clearly and expressly provided that appeals from PUC final orders fall exclusively within the appellate jurisdiction of this Court, not the courts of common pleas. Indeed, Section 763(a)(1) of the Judicial Code assigns to the Commonwealth Court "exclusive jurisdiction of appeals from final orders of government agencies," including expressly the PUC. 42 Pa. C.S. §763(a)(1).

In addition, Pa.R.A.P. 1512(a)(1) requires that a petition for review of a quasijudicial order be filed with "the prothonotary of the appellate court within 30 days after entry of the order." Appellant filed his notice of appeal with the trial court on March 21, 2024, within 30 days of the PUC's February 22, 2024 opinion and order; thus, while the notice of appeal was timely filed, it was submitted to the wrong tribunal.

---

[3] Our review of a trial court's order granting a motion for dismissal under Rule 233.1 is limited to determining whether the trial court abused its discretion. However, our review of the trial court's interpretation of a rule of civil procedure is *de novo*. *Lee v. Philadelphia Housing Authority*, (Pa. Cmwlth., No. 881 C.D. 2019, filed May 5, 2025), slip op. at 6 n.6 (citations omitted). Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Because the General Assembly has vested exclusive appellate jurisdiction in this Court, it is apparent that the trial court lacked subject matter jurisdiction to review the PUC's decision. This jurisdictional defect is critical as a court without jurisdiction has no authority to address the merits of an appeal or address ancillary motions. *See In re J.M.Y.*, 218 A.3d 404, 415 (Pa. 2019) (jurisdiction is a prerequisite to a trial court's power to adjudicate the issues, *i.e.*, act on the merits). Clearly, Rule 233.1 presupposes that a case was properly commenced within a court's jurisdiction. It does not, however, permit a trial court to dispose of an agency appeal it was never empowered to hear. While there is little doubt that Appellant has a long pattern of repetitive litigation, it is apparent that the trial court lacked jurisdiction *ab initio* to dismiss the case pursuant to Rule 233.1 and the dismissal, therefore, cannot stand.

Where, as here, a litigant files an appeal in a court which does not have jurisdiction of the appeal, "the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal . . . shall be treated as if originally filed in the transferee court on the date first filed in a court . . . ." Pa.R.A.P. 751. Because the trial court lacked jurisdiction to adjudicate Appellant's attempted appeal, it also lacked jurisdiction to dismiss the appeal with prejudice under Pa.R.Civ.P. 233.1. Accordingly, we must vacate the trial court's order and direct that this matter be transferred to this Court's appellate jurisdiction.

_____
MICHAEL H. WOJCIK, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Hillman,                           :
                                           :
                    Appellant              :
                                           :
            v.                             : No. 1648 C.D. 2024
                                           :
City of Philadelphia, Pennsylvania         :
Public Utility Commission, and             :
Peco Energy Exelon                         :

# **O R D E R**

AND NOW, this 18th day of June, 2026, for the reasons set forth in the accompanying opinion, the September 6, 2024 order of the Court of Common Pleas of Philadelphia County is VACATED. This matter shall be transferred to this Court's appellate jurisdiction pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa. C.S. §763(a)(1).

_____
MICHAEL H. WOJCIK, Judge